# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 JUL 19 PM 3: 25

CLERK-ALBUQUERQUE

**CORY PARKS,**

        Plaintiff,

vs.                        **CIVIL NO. 03-1396 BB/DJS**

**ANDREW ROMERO, RAYMOND TWOHIG,**

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

1. This matter is a *pro se*, *in forma pauperis* civil rights action brought by a prisoner pursuant to 42 U.S.C. §1983. As the basis for this action, Plaintiff alleges that he was subjected to abuse of process and fraud. Plaintiff filed his complaint in the Second Judicial District Court of New Mexico, but the United States, acting on behalf of Defendant Andrew Romero, removed the action to federal court. On March 11, 2004, the United States filed a motion to dismiss Plaintiff's complaint, which it characterized as one pursuant to the Federal Tort Claims Act.

2. On December 11, 2003, the United States substituted its appearance for Defendant Romero. On March 11, 2003, the United States filed the aforementioned motion to dismiss (Docket No. 9) asserting that Plaintiff had failed to exhaust his administrative remedies under the Federal

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

Tort Claims Act and contending that the complaint must therefore be dismissed. The United States

failed to address the claims against Defendant Twohig.

3. In his complaint, Plaintiff asserts that Andrew Romero, a federal Pre-trial Services Officer

who supervised Plaintiff's pre-trial release in October, 2001, knowingly used an outdated drug test

and the false results of that test to force Plaintiff to state that he had engaged in marijuana use after

his arrest. Plaintiff goes on to allege that he hired Defendant Ray Twohig, an attorney, to represent

him in the criminal matter against him in federal court and that Twohig promised to move for

reconsideration of the conditions of Plaintiff's pretrial release, but failed to do so. As a result of the

foregoing actions, Plaintiff states was detained from October 24, 2001 to November 20, 2001.

Plaintiff asserts a claim of abuse of process against Andrew Romero, claiming that Romero obtained

his arrest for violation of conditions of release by the knowing use of an improper test to determine

whether Plaintiff had been using marijuana. Plaintiff asserts a claim of fraud against attorney Twohig

for failing to file a motion for reconsideration of Plaintiff's conditions of release until after Plaintiff

was taken into custody for violation of those terms of release.

4. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent

standard that formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The Haines rule means that if a court can reasonably read the pleadings to state a valid claim on

which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Even in light of these standards, Plaintiff

fails to state a claim upon which he is entitled to relief against Defendant Romero.

5. The question of whether Plaintiff exhausted his administrative remedies need not be

2

reached, as no claim for abuse of process arises under the Federal Tort Claims Act. 28 U.S.C.

§2680(h) (providing no cause of action against the United States "arising out of assault, battery, false

imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation,

deceit, or interference with contract rights"). Although no cause of action lies under that statute,

Plaintiff's complaint can be construed as alleging a violation of the Fourth Amendment, which

prohibits unreasonable seizures, and thus alleging a cause of action against Romero pursuant to

Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, this

avenue of relief also fails, because Romero is entitled to quasi-judicial immunity for his actions.

Tripati v. United States Immigration and Naturalization Serv., 784 F.2d 345, 348 (10th Cir.1986)

(absolute immunity extends to probation officer who allegedly made false statements in pretrial bond

report and presentence report) cert. denied, 484 U.S. 1028 (1988).

6. In Tripati, the Tenth Circuit Court of Appeals  held that when "the challenged activities

of a federal probation officer are intimately associated with the judicial phase of the criminal process,

he or she is absolutely immune from a civil suit for damages." Id. In this case, the actions alleged

to have been undertaken by Andrew Romero, administering a drug test and then reporting a violation

of pre-trial conditions of release, fall within the ambit of Tripati and are immune from suit despite

the allegation that Romero knew the test results failed to indicate recent marijuana use. Cf. Whitesel

v. Sengenberger, 222 F.3d 861, 869 (10th Cir. 2000) (State court pretrial services officers were

entitled to absolute quasi-judicial immunity for their actions of issuing temporary restraining order

against plaintiff prior to hearing before judge, even though order was ultimately found to be

defective, where officers were acting within the general subject matter of their jurisdiction).

Accordingly, the complaint states no claim for relief against Andrew Romero or the United States.

3

7.  Plaintiff asserts a common law claim for fraud against Defendant Twohig. As Twohig is an attorney Plaintiff retained to provide him with a defense to the criminal charges against him, no federal civil rights claims are available to Plaintiff because Twohig is not a state actor. When federal claims are eliminated from a complaint, as they have been in this instance, a federal court may decline the exercise of further jurisdiction by dismissing the complaint without prejudice. United Mine Workers v. Gibbs, 383 U. S. 715, 726-727 (1966); Under Gibbs, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. Id., at 726-727. In this case, dismissal without prejudice of Plaintiff's fraud claim is appropriate.

**RECOMMENDED DISPOSITION**

That Plaintiff's claims against Andrew Romero or the United States be dismissed with prejudice for failure to state a claim and his claim for fraud against Defendant Ray Twohig be dismissed without prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE